# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br> Plaintiff, Counterclaim-Defendant, <br><br> v. <br><br> REED SEMICONDUCTOR CORP., <br><br> Defendant, Counterclaim-Plaintiff. | C.A. No. 1:24-cv-00165-JFM <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT REED SEMICONDUCTOR CORP.'S ANSWER TO THE COMPLAINT, DEFENSES, AND COUNTERCLAIMS

Defendant Reed Semiconductor Corp. ("Reed" or "Defendant") by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Monolithic Power Systems, Inc. ("MPS" or "Plaintiff"), following the respectively numbered paragraphs of the Complaint, as follows:

### RESPONSE TO MPS'S ALLEGATIONS REGARDING THE NATURE OF THE ACTION

1. The allegation contained in Paragraph 1 sets forth a legal conclusion to which no response is required. Reed admits that Plaintiff asserts a claim for patent infringement. Reed denies all allegations of infringement and any remaining allegations contained in Paragraph 1.

2. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. Accordingly, these allegations are denied.

3. Reed admits that it competes in the power convertor market. Reed denies the remainder of the allegations contained in Paragraph 3.

4. Reed admits that Exhibit 1 purports to be a copy of U.S. Patent No. 9,041,377. Reed denies all other allegations in Paragraph 4.

**RESPONSE TO MPS'S ALLEGATIONS REGARDING THE PARTIES**

5. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. Accordingly, these allegations are denied.

6. Reed admits that it is a corporation organized under the laws of Delaware with its principal place of business at 875 Centerville Road, Warwick, RI, 02886.

**RESPONSE TO MPS'S ALLEGATIONS REGARDING SUBJECT MATTER JURISDICTION**

7. The allegations contained in Paragraph 7 set forth legal conclusions to which no response is required. To the extent necessary, Reed admits that federal courts generally have subject-matter jurisdiction over claims for patent infringement. Any remaining allegations in this Paragraph are denied.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING
## PERSONAL JURISDICTION AND VENUE

8. Reed admits that it is incorporated in Delaware. All other factual allegations in Paragraph 8 are denied. Reed specifically denies that it has committed acts of patent infringement in Delaware or in any other State. The remainder of Paragraph 8 sets forth legal conclusions to which no response is required.

9. Reed admits that it is incorporated in Delaware. All other factual allegations in Paragraph 9 are denied. Reed specifically denies that it has committed acts of patent infringement in Delaware or in any other State. The remainder of Paragraph 9 sets forth legal conclusions to which no response is required.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING THE MPS PATENT

10. Reed admits that United States Patent No. 9,041,377 ("the '377 Patent") purports on its face to have issued on May 26, 2015 from an application filed on June 29, 2012 and to claim priority from China Patent Application, No. 201110181295.3. Reed further admits that Exhibit 1 purports to be a copy of the '377 Patent. Reed denies that the '377 Patent was duly and legally issued. Reed lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10. Accordingly, these allegations are denied.

11. Admitted.

12. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, these allegations are denied.

13. Admitted.

14. Reed denies that the '377 Patent is valid and enforceable.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING FACTUAL BACKGROUND

15. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. Accordingly, these allegations are denied.

16. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16. Accordingly, these allegations are denied.

17. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Accordingly, these allegations are denied.

18. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18. Accordingly, these allegations are denied.

19. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19. Accordingly, these allegations are denied.

20. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20. Accordingly, these allegations are denied.

21. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21. Accordingly, these allegations are denied.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING DEFENDANT'S ALLEGED INFRINGEMENT

22. Reed denies all allegations of infringement. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 22.

23. Reed admits that it designs power converters. All remaining allegations in Paragraph 23 are denied.

24. Reed admits that Exhibit 2 to the Complaint purports to be a claim chart alleging infringement of the '377 Patent. Reed denies that it infringes the '377 Patent, and denies the remaining allegations of paragraph 24.

25. Denied as stated. Reed admits that it sells its products through distributors. All remaining allegations in Paragraph 25 are denied.

26. Denied as stated. Reed admits that it assists its customers with purchasing products. All remaining allegations in Paragraph 26 are denied.

27. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 27.

28. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To

Case 1:24-cv-00165-JFM   Document 9   Filed 02/29/24   Page 6 of 16 PageID #: 58

the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 28.

29. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 29.

30. Reed admits that Exhibit 2 purports to identify certain products that allegedly infringe the '377 Patent. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 30.

31. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 28.

32. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 32.

33. Denied.

6

34. Reed admits that MPS filed suit against it for alleged infringement of U.S. Patent No. 9,590,608 in this district. Reed denies the remaining allegations of paragraph 34.

35. Reed admits that it received an e-mail identifying the '377 Patent from Plaintiff's counsel on January 29, 2024. Reed denies that it infringes the '377 Patent, and denies the remaining allegations of paragraph 35.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Reed admits to denying Plaintiff's request to amend the complaint in the '608 Patent Case to add the '377 Patent and two additional patents that are not asserted in the Complaint. Plaintiff's request came mere hours after the Court in the '608 Patent Case issued a scheduling order on January 26, 2024, setting forth dates based on Plaintiff's assertion of only the '608 Patent. The parties participated in a discovery conference on January 4, 2024 in which they agreed on the scope of discovery and commenced the discovery process January 12, 2024. Plaintiff had previously amended its complaint as of right on November 1, 2024 and any further amendment required Reed's consent or order of the Court. Given that the number of patents asserted in a case is a highly relevant consideration for determining a

7

schedule in a patent litigation, Reed reasonably declined to consent to the amendment, as it is entitled to do under the Federal Rules of Civil Procedure. A motion to assert additional patents in the previous case, which would have significantly added to the complexity of that case, would have been opposed by Reed, as it is entitled to do under the Federal Rules of Civil Procedure, for the reasons provided above. By filing a new lawsuit, MPS avoided that motion practice. Thus, Reed specifically denies that Plaintiff is entitled to any relief under 28 U.S. Code § 1927. Reed denies the remainder of the allegations of paragraph 40.

## RESPONSE TO MPS'S ALLEGATIONS REGARDING COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,041,377

41. Reed adopts, repeats and realleges each and every response previously set forth in paragraphs 1-40 in this Answer as if fully set forth in this paragraph.

42. Reed lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42. Accordingly, these allegations are denied.

43. Denied.

44. Denied.

45. Denied.

46. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To

the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 46.

47. Reed has filed, concurrently with this Answer, a motion to dismiss under Rule 12(b)(6) seeking dismissal of MPS's indirect infringement claims. To the extent an answer to this paragraph is required, Reed denies all allegations contained in Paragraph 47.

48. Denied.

49. Denied.

### RESPONSE TO MPS'S ALLEGATIONS REGARDING DAMAGES

50. Denied.

### DEMAND FOR JURY TRIAL

51. Reed demands a trial by jury for all issues so triable.

### RESPONSE TO MPS'S PRAYER FOR RELIEF

Reed hereby incorporates its foregoing responses to Paragraphs 1-51 of the Complaint and denies that Plaintiff is entitled to any relief of judgment whatsoever, including from Reed, either as prayed for in this Complaint or otherwise. Reed respectfully requests judgment dismissing all claims, with an award of its attorneys' fees and costs, and against MPS in all respects.

## **DEFENSES**

### FIRST DEFENSE
(Failure to State a Cause of Action)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Prosecution History Estoppel and/or Prosecution Disclaimer)

2. Plaintiff's requested relief is barred, in whole or in part, under principles of equity, including without limitation, prosecution history estoppel, waiver, or estoppel.

### THIRD DEFENSE
(Non-Infringement)

3. Reed does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '377 Patent, either directly, contributorily, by inducement, jointly, willfully, or in any other manner.

### FOURTH DEFENSE
(Invalidity)

4. Each asserted claim of the '377 Patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

## FIFTH DEFENSE
(Limitations On Damages and Costs)

5. Plaintiff's requested relief is barred, in whole or in part, under 35 U.S.C. §§ 286-288.

## SIXTH DEFENSE
(Lack of Exceptional Case)

6. Plaintiff cannot prove this is an exceptional case and thus is precluded from seeking recovery of attorneys' fees under 35 U.S.C. § 285.

## SEVENTH DEFENSE
(Prosecution History Estoppel)

7. Because of limitations in the claims of the '377 Patent, statements made in the specifications of the '377 Patent, prior art to the '377 Patent, or proceedings in the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '377 Patent, Plaintiff is estopped from asserting that claims of the '377 Patent cover any apparatus, device, or product of Reed.

## EIGHTH DEFENSE
(Lack of Willful Infringement)

8. Reed has not willfully infringed and is not willfully infringing the asserted claim(s) of the '377 Patent identified in the Complaint.

## NINTH DEFENSE
(Failure to Notice)

9. Plaintiff's claims for damages predating the filing of this lawsuit are barred or limited to the extent that Plaintiff failed to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

## TENTH DEFENSE
(Injunction Unavailable)

10. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and has an adequate remedy at law.

## ELEVENTH DEFENSE
(Lack of Knowledge)

11. To the extent that Plaintiff asserts that Reed indirectly infringed, either by contributory infringement or inducement of infringement, Reed is not liable to Plaintiff for the acts alleged to have been performed before Reed knew that its actions were alleged to constitute indirect infringement.

## TWELFTH DEFENSE
(Right to Assert Additional Defenses)

12. By pleading these defenses, Reed does not in any way agree or concede that Reed has the burden of proof or persuasion on any of these issues. Reed reserves the right to assert additional defenses, including those listed in Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation in this case.

# COUNTERCLAIMS

## THE PARTIES

1. Counterclaimant Reed Semiconductor Corp. ("Reed") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 875 Centerville Road, Warwick, RI, 02886.

2. Upon information and belief, Counterclaim Defendant Monolithic Power Systems, Inc. ("MPS") is a corporation organized and existing under the laws of Delaware, having its principal place of business at 5808 Lake Washington Boulevard NE, Kirkland, WA 98033.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over MPS, and venue is proper in this Judicial District, because MPS is incorporated in Delaware and has invoked the jurisdiction of this Court by filing its Complaint in this Court.

**Count I: Declaration of Invalidity of the '377 Patent**

5. Reed incorporates by reference the preceding paragraphs of these Counterclaims as though fully set forth herein.

6. This Counterclaim is for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and seeks a declaration under the patent laws of the United States that the asserted claim(s) of the '377 Patent are invalid. This Counterclaim relates directly to claims asserted by MPS in the Complaint. MPS asserts that the '377 patent is valid and enforceable. (*See* Complaint, at ¶14). Reed contends that the asserted claims(s) of the '377 Patent are invalid. Therefore, an actual controversy exists between the parties under Article III of the United States Constitution.

7. The asserted claim(s) of the '377 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

8. On information and belief, one or more products that include each and every limitation of at least claim 18 of the '377 Patent were on the market, sold to and used by consumers, and publicly disclosed in the United States prior to the effective filing date of the '377 Patent, and were on sale more than one year prior to the earliest effective priority date of the '377 Patent.

9. On information and belief, one or more patents or other printed publications, for example U.S. Patent No. 7,652,461, disclosed each and every

14

limitation of at least claim 18 of the '377 Patent prior to the earliest effective priority date of the '377 Patent.

10. On information and belief, a person of ordinary skill in the art would have been motivated to combine one or more of the prior art products and/or one or more prior art references to achieve the asserted claim(s) of the '377 Patent.

### Count II: Declaration of Non-Infringement of the '377 Patent

11. Reed incorporates by reference the preceding paragraphs of these Counterclaims as though fully set forth herein.

12. Reed designs semiconductor chips for use in power converters.

13. Reed's products do not infringe any of the claims of the '377 Patent because they lack one or more required limitations of the claims, either literally or under the doctrine of equivalents, including but not limited to minimum off time generator as claimed in the '377 Patent. Specifically, Reed products do not include a flip-flop as claimed in claim 18 of the '377 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Reed respectfully prays the Court grant the following relief:

(1) That judgment be entered in favor of Reed;

(2) That this Court enter an Order declaring that the asserted claim(s) of the '377 Patent is or are invalid;

(3) That this Court enter an Order declaring that the asserted claim(s) of the '377 Patent is or are not infringed by Reed's products;

(4) That this Court declare this to be an exceptional case under 35 U.S.C. § 285;

(5) That this Court award Reed its costs in this action, together with reasonable attorneys' fees and pre-judgment and post-judgment interest; and

(6) That this Court grant Reed such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Reed Semiconductor Corp. demands a trial by jury as to all issues so triable.

Dated: February 29, 2024

Respectfully submitted,

FOX ROTHSCHILD LLP

*Of counsel:*

Ryan Miller (*pro hac vice* pending)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel.: (215) 299-2000
Email: rmiller@foxrothschild.com

/s/ *Austen C. Endersby*
Austen C. Endersby (No. 5161)
919 N. Market Street, Suite 300
Wilmington, DE 19801
  - and -
2020 K Street, Suite 500
Washington, DC 20006
Tel.: (202) 461-3100
Email: aendersby@foxrothschild.com

*Attorneys for Defendant Reed Semiconductor Corp.*